## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),**<br><br>                    **Plaintiff,**<br>        **-against-**<br><br>**KIRA LYNNE DEWEY; "KLD", an infant under the age of 18 years of age; and "KMD", an infant under the age of 14 years of age,**<br><br>                    **Defendants.** | **11-CV-547S** |

## CONSENT ORDER

**WHEREAS**, on or about June 27, 2011, plaintiff John Hancock Life Insurance Company (U.S.A.) ("John Hancock") filed an Interpleader Complaint against defendants Kira Lynn Dewey, a citizen of the State of New York, and the former spouse of  Michael J. Dewey (deceased), "KLD", an infant under the age of 18 years of age, a citizen of the State of New York, and the surviving natural minor child of Michael J. Dewey (deceased), and "KMD", an infant under the age of 14 years of age, a citizen of the State of New York, and the surviving natural minor child of Michael J. Dewey (deceased). ("KLD" and "KMD" are collectively referred to herein as the "Infant Defendants");

**WHEREAS**, on or about November 18, 1998, John Hancock issued an individual term life insurance policy number 67227156 (hereinafter "the Policy"), in the face amount of $250,000 on the life of Michael J. Dewey. (A copy of the Policy is annexed as Exhibit C to the accompanying Declaration of James V. O'Gara (hereinafter referred to as "O'Gara Decl".);

**WHEREAS**, the beneficiary designation in the application of the Policy identifies "Kira L. Dewey (wife of the Insured)" as beneficiary of the Policy in the event of the insured's death. The "Owner, Beneficiary" provision of the Policy also states, "If the Insured [Michael J. Dewey] dies and there is no surviving Beneficiary, you [the Owner-here Michael J. Dewey] will be the Beneficiary; but if you were the Insured, your estate will be the Beneficiary";

**WHEREAS**, in or about 2008, the New York State Estate, Powers and Trust Law §5-1.4(a) and (b) was amended to provide, in relevant part, as follows (emphasis added):

> (a)    Except as provided by the express terms of a governing instrument, <u>a divorce</u> (including a judicial separation as defined in subparagraph (f)(2)) or annulment of a marriage <u>revokes any revocable (1) disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse, including</u> but not limited to a disposition or appointment by will, by security registration in beneficiary form (TOD), [or] <u>by beneficiary designation in a life insurance policy</u>…
>
> (b)(1) Provisions of a governing instrument [the Policy] are given effect as if the <u>former spouse had predeceased the divorced individual</u> as of the time of the revocation.

**WHEREAS**, Michael J. Dewey and Kira Lynn Dewey were divorced on or about October 22, 2009, in an uncontested matrimonial action entitled, *Kira L. Dewey v. Michael J. Dewey*, County Court, Niagara County, New York, Index No. 137773/2009;

**WHEREAS**, as a result of said divorce, pursuant to EPTL §5-1.4(a), Kira Lynn Dewey's rights to any proceeds of the Policy were revoked and terminated as a matter of law;

**WHEREAS,** on or about November 2, 2010, Michael J. Dewey executed a Last Will and Testament (O'Gara Decl, Ex. D), designating his children as the sole residuary legatees of his estate in equal shares *per stirpes*;

**WHEREAS**, Michael J. Dewey died on or about May 10, 2011, leaving the two surviving Infant Defendants;

**WHEREAS**, John Hancock did not receive any request to change the beneficiary designation in the Policy from Michael J. Dewey at any time prior to his death;

**WHEREAS**, pursuant to EPTL §5-1.4(b)(1) the divorced former spouse [Kira Lynn Dewey] is deemed to have predeceased Michael J. Dewey, leaving decedent's estate as the beneficiary of the Policy by operation of law;

**WHEREAS,** on or about October 26, 2011, the Hon. Matthew J. Murphy, Niagara County Surrogate, under Filed No. 2011-85679, admitted to probate the will of Michael J.

Dewey, dated November 2, 2010, and on the same date issued Letters Testamentary to Megan M. Dewey.  (Copies of the Decree Granting Probate With Limitations and the Letters Testamentary issued on or about October 26, 2011 are annexed to the O'Gara Decl. as Ex. E and Ex. F, respectively.)

**WHEREAS,** the will of Michael J. Dewey provides, in relevant part, "SECOND: RESIDUARY PROVISIONS. I give all the rest, residue and remainder of my property and estate both real and personal, of whatsoever kind and wheresoever situated, which I may own at the time of my death ("my residuary estate") to my children, in equal shares, share and share alike, *per stirpes.*"

**WHEREAS,** on or about February 2, 2012, Plaintiff John Hancock, Defendant Kira Lynne Dewey, and Megan M. Dewey as Executrix of the Estate of Michael J. Dewey, entered into a Stipulation and Order Granting Executrix Leave to Intervene on Behalf of the Infant Children, Defendants  KLD and KMD (the "Stipulation and Order of Intervention")(O'Gara Decl, Ex. A);

**WHEREAS,** the Court approved and "So Ordered" the Stipulation and Order of Intervention.

**WHEREAS**, there is now due and payable on the Policy the sum of $250,000, with interest from May 10, 2011, and John Hancock claims no beneficial interest in the $250,000 sum, but is merely a stakeholder;

**WHEREAS**,  John Hancock commenced this interpleader action seeking, among other things, an Order: (1) restraining Defendants from instituting any action against John Hancock for the recovery of the amount of the death benefit due under a Policy of life insurance issued on the life of Michael J. Dewey who died on or about May 10, 2011; (2) requiring Defendants to interplead and settle between themselves their respective rights to money due under the Policy, and that John Hancock be discharged from any and all liability in the premises; and (3) awarding John Hancock its costs and attorneys' fees;

**WHEREAS**, upon the revocation of Kira Lynn Dewey's interest as the named beneficiary of the Policy, pursuant to EPTL §5-1.4(a) and (b)(1), as a matter of law, the Estate of Michael J. Dewey became the beneficiary of the Policy;

**WHEREAS**, Defendant Kira Lynne Dewey agrees to waive any and all interest in the Policy and the proceeds thereof, and agrees that the proceeds of the Policy are properly payable to the Estate of Michael J. Dewey;

**WHEREAS**,  Intervenor-Defendant Megan M. Dewey as Executrix of the Estate of Michael J. Dewey, agrees to waive any further claims with respect to the death benefit due under the Policy as to either Plaintiff John Hancock and/or Defendant Kira Lynne Dewey;

**WHEREAS,** Plaintiff John Hancock has incurred attorneys fees and costs as a disinterested stakeholder in the amount of $10,048.49. (O'Gara Decl., Ex. G)

**NOW, THEREFORE, it is hereby STIPULATED, AGREED and ORDERED that:**

(1) Defendants and the Intervenor-Defendant are restrained from instituting any action against John Hancock for the recovery of the death benefit due under the Policy; and

(2) Within ten (10) days after Entry of this Consent Order, John Hancock shall issue a check payable to the "Estate of Michael J. Dewey" in the amount of $250,000, plus interest from May 10, 2011, less the reasonable costs and attorneys' fees incurred by John Hancock in this action as set forth below, and upon the delivery of said check to the Executrix of the Estate of Michael J. Dewey, whereupon John Hancock shall be discharged from any and all further liability under the Policy; and

4

(3) John Hancock is entitled to costs and attorneys' fees in the amount of $10,048.49.

Dated: Buffalo, New York
      February 2, 2012

1.     KELLEY DRYE & WARREN LLP       SEAMAN, JONES, HOGAN & BROOKS, LLP

By:    s/James V. O'Gara, Esq.          By:    s/F. Gerard Hogan, Esq.
101 Park Avenue                           76 West Avenue
New York, New York 10178            Lockport, NY 14094
Telephone: (212) 808-7100            Telephone: (716) 433-5909
Facsimile: (212) 808-7897             Facsimile: (716) 433-0032
Jogara@kelleydrye.com                 fghogan@lockportlaw.com

ATTORNEYS FOR PLAINTIFF        ATTORNEYS FOR DEFENDANT
John Hancock Life Insurance           Kira Lynn Dewey
Company (U.S.A.)

DAVID E. BLACKLEY,ESQ.

By:    s/David E. Blackley, Esq.
4 South Street
Lockport, New York 14094
Telephone:
Facsimile:

ATTORNEY FOR INTERVENOR-DEFENDANT
Megan M. Dewey, as the Executrix of the
Estate of Michael J. Dewey, and Representative of Infant
Defendants "KLD" and "KMD", the Residuary Legatees
of the Estate of Michael J. Dewey.


**SO ORDERED.**


Dated:  April 18, 2012
       Buffalo, NY

                                s/William M. Skretny
                    WILLIAM M. SKRETNY
                    CHIEF JUDGE, UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK